**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRAIG ALFORD** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 23-CV-3164** |
| | : | |
| **IRS, DEPT. OF TREASURY,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                        SEPTEMBER 6, 2023

        Plaintiff Craig Alford ("Alford"), an inmate at SCI Phoenix, brings this *pro se* civil action

against the Internal Revenue Service, asserting that he is owed an Economic Income Payment

and/or tax refund from either 2020 or 2022.  (ECF Nos. 1-2.)  Before the Court is Alford's motion

to proceed *in forma pauperis*.  (ECF No. 1.)  Because Alford has obtained three prior "strikes" and

has not shown an imminent danger of serious physical injury under 28 U.S.C. § 1915(g), the Court

will deny Alford's request to proceed *in forma pauperis* and will require that he pay the full filing

fee should he wish to continue with his case.

**I.        FACTUAL ALLEGATIONS**

        Alford asserts that he has been denied equal treatment because the IRS has refused to issue

the "Covid-19 stimulus payment" to "incarcerated individuals."  (Compl. (ECF No. 2) at 1.)[1]

---

[1]        The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

        The Court also notes that the Complaint was submitted without a handwritten signature.   Federal
Rules of Civil Procedure ("Rule") 11(a) provides that "[e]very pleading, written motion, and other paper
must be signed by at least one attorney of record in the attorney's name – or by a party personally if the
party is unrepresented."  Fed. R. Civ. P. 11(a).  The United States Supreme Court has interpreted Rule 11(a)
to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)."  *See Syville v.
New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker
v. Montgomery*, 532 U.S. 757, 764 (2001)).

## II.     STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and, thus, said provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the *Prison Litigation Reform Act* ("PLRA") in 1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Put more simply, under the PLRA, a prisoner with three prior "strikes" can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury.  Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant."  *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

2

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

## III. "THREE-STRIKE" ANALYSIS

### A. Alford Has Accumulated Three Strikes.

The Court concludes, as it did in 2016, that Alford has accumulated at least three strikes for purposes of § 1915(g). *See Alford v. Pottieger*, E.D. Pa., No. 16-0189 (ECF No. 2). Specifically, Alford has a history of litigating meritless claims in the United States District Court for the District of New Jersey and the Middle District of Pennsylvania. *See Alford, et al. v. Baylor*, M.D. Pa., No. 20-1787 (dismissing complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), *Alford v. Christie*, D.N.J., No. 14-1040 (dismissing amended complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)); *Alford v. Laquise*, M.D. Pa., No. 14-0013 (dismissing complaint as legally frivolous

3

and for failure to state a claim); *Alford v. Nevil*, M.D. Pa., No. 98-0311 (adopting report and recommendation dismissing case as frivolous,  pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), based on *Heck v. Humphrey*, 512 U.S. 477 (1994)).

### B.      Alford's Complaint Does Not Allege Imminent Danger.

Because Alford has accumulated three strikes, he can no longer proceed *in forma pauperis* in federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought his Complaint.  The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee.  *Ball*, 726 F.3d at 467.  It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger."  *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).  "Imminent dangers are those dangers which are about to occur at any moment or are impending."  *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).  Past dangers are not imminent dangers.  *See Ball*, 726 F.3d at 467.  Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger.  *Id.*  Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*).  That is, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:  the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The Court finds that the allegations in Alford's latest filing do not meet the imminent danger standard of Section 1915(g).  Specifically, Alford asserts that he has been denied equal treatment because the IRS has refused to issue the "Covid-19 stimulus payment" to "incarcerated individuals."  (Compl. at 1.)  There are no allegations of imminent danger or any future imminent danger.  There are also no allegations of any physical injury.  Accordingly, the Court finds that the imminent danger exception does not apply.

**IV.      CONCLUSION**

Because Alford is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted his Complaint, the Court will deny Alford's Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Should Alford desire to litigate his claims, he must pay the full filing fee in advance.  An appropriate Order follows, which gives Alford an opportunity to pay the fees in the event he seeks to proceed with this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*